## MOORE v. STATE.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3148.  Decided Jan. 16, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

1231.  VENUE—333.  Criminal Law.

Failure of state to prove, by direct testimony, that crime was committed in State of Ohio, held not prejudicial error, where, upon consideration of all the evidence, no other inference can reasonably be drawn.

Error to Common Pleas.
Judgment affirmed.

A. C. Fricke and A. Lee Beaty, Cincinnati, for Moore.

Chas. P. Taft, Pros. Atty., Cincinnati, for State.

STATEMENT OF FACTS.

Plaintiff in error was indicted and convicted of the crime of perjury.

The perjury charged was the giving of false testimony before the grand jury, in the grand jury's investigation of a charge of murder against one James Clark.

Sentence was pronounced by the trial court, and, to that judgment, error is prosecuted here.

(Continued on Page 253)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

### April 4, 1928

21065—J. E. Powell v. John W. Klinger et al. Motion for an order directing the Court of Appeals of Perry county to certify its record. J. E. Powell, New Lexington, for plaintiff; John W. Dugan, New Lexington, for defendants.

21066—In the matter of the Complaint against Hal C. DeRan, an Attorney; motion for an order directing the Court of Appeals of Sandusky county to certify its record. A. V. Bauman, A. E. Culbert, Harry Garn, W. J. Mead, Fremont; B. H. Dewey, Clyde, and R. R. Parkhurst, Bellevue, for plaintiff; David B. Love, Fremont, for DeRan.

21067—Detroit-Cincinnati Coach Line, Inc., .v. William Klinger et al., constituting the Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio. Samuel I. Lipp, Cincinnati, for plaintiff; E. C. Turner, Atty. Genl., and ·A. M. Calland, of counsel, Columbus, for defendant.

21068—Columbus Railway, Power & Light Co. v. Leacy Henderson. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Sharp, Schooler, Toland & Marshall, Columbus, for plaintiff; F. S. Monnett and C. R. Doll, Columbus, for defendant.

21069—The Citizens Wholesale Supply Co. v. The Welber Co. Motion for an order directing the Court of Appeals of Franklin County to certify its record. Error to the Court of Appeals of Franklin county. Williams & Nash and P. S. Karshner, Columbus, for plaintiff; E. J. Schanfarber, Columbus, for defendant.

### April 6, 1928

21072—Tax Commission of Ohio v. Farmers Loan & Trust Co. of New York City. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. E. C. Turner, Columbus, and Carlton S. Dargusch, Columbus, for plaintiff; Andrews & Belden and Geo. B. Young, Cleveland, for defendant.

21073—City of Bellaire v. Salvatore Battistell. Motion for· an order directing the Court of Appeals of Belmont county to certify its record. Error to the Court of Appeals of Belmont county. C. C. Sedgwick, Bellaire, for plaintiff; Cooper, Belt, Cooper & Witten, Bellaire, for defendant.

21074—Edward A. Evans v. Edwin D. Morgan et al. Motion for an order directing the Court of Appeals of Lucas county to certify its record. P. J. Callaghan, Toledo, for plaintiff; S. S. Burtsfield, L. P. Smith and S. A. Koncyal, Toledo, for defendants.

### April 7, 1928

21075—Industrial Commission of Ohio v. Benjamin Chambers. Motion for an order directing the Court of Appeals of Sandusky county to certify its record. E. C. Turner, Atty. Genl., and R. R. Zurmehly, Columbus, for plaintiff; L. K. Chambers, Genoa, for defendant.

21076—Amanda J. Zwick v. Kark J. Zwick. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Error to the Court of Appeals of Hamilton county. Roettinger & Street, Cincinnati, for plaintiff; Pogue, Hoffhaimer & Pogue, Cincinnati, for defendant.

21077—The Coca Cola Bottling Works Co. v. Maggie Meyer, Admrx. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for plaintiff; Kunkel & Kunkel, Cincinnati, for defendant.

### April 9, 1928

21078—Ella Prendergast v. Isaac Ginsburg. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Joy S. Hurd, Cleveland, for plaintiff; John H. McNeal, Cleveland, for defendant.

21079—Benjamin Schan v. The George Worthington Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Ernest Abram, Cleveland, for plaintiff; Thompson, Hine & Flory, Cleveland, and H. Walter Stewart, Cleveland, for defendant.

## PROCEEDINGS OF SUPREME COURT

### GENERAL DOCKET
### Wednesday, April 11, 1928

20703—American Laundry Machinery Co. v. Emanuel Daneman. Hamilton. Judgment affirmed. Dock. 5 Abs. 540.

### MOTION DOCKET

20983—Julia Glovka v. Ann Fortun. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 157.

20989—Walter Mulholland v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Hancock county. Overruled. Dock. 6 Abs. 157.

21008—Gus Clements v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Greene county. Overruled. Dock. 6 Abs. 189.

21012—V. L. Ney v. Helen B. French. Motion for an order directing the Court of Appeals of Stark county to certify its record. Overruled. Dock. 6 Abs. 189.

21021—Ruud Manufacturing Co. v. Grace E. McGean et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 205.

21064—George Remus, on his own behalf. Motion by George Remus to vacate entry and for bail. Motion overruled. Dock. 6 Abs. 237.

---

(Continued from Page 252)
### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

HAMILTON, PJ.

The question of the proof of venue presents some complications. The record does not present direct evidence on the question. Were it not for the decision of the Supreme Court of Ohio in the case of State v. Dickerson, reported in 77 OS. 34, we would be constrained to reverse the judgment on the ground of failure to prove venue.

In the case under consideration, it is in the evidence that the grand jury, before which the false testimony is alleged to have been given by plaintiff in error, was investigating a charge of murder against James Clark; that the killing took place at the residence of the plaintiff in error. She gave her residence and street

number. The police officers stated that they were officers in the employ of the City of Cincinnati and investigated the killing at the residence of Corine Moore.

A court stenographer testified that he served as stenographer before the grand jury, which body investigated the killing in the case of State v. Clark, and gave, from his notes, the testimony claimed to have been false.

A deputy clerk of the Courts of Common Pleas of Hamilton County testified that he was such deputy clerk of the Courts of Common Pleas of Hamilton County. It is true he did not say Hamilton County, Ohio, but he stated that he was a deputy clerk of the Court of Common Pleas of Hamilton County, and qualified to swear witnesses, and that he served in the capacity of deputy clerk, serving at the grand jury. He testified he swore the plaintiff in error, at that time, as a witness before the grand jury.

Plaintiff in error gave testimony regarding her statements to the police concerning the killing which took place at her home, and testified as to her testimony before the grand jury investigating the killing.

The record discloses at the beginning of the trial in this case, the following: "The State, to maintain the issues on its part, called, as a witness, Herman Busse. Mr. Beaty: We admit that the Grand Jury was sworn, and that an oath was administered to Corine Moore. We admit all these preliminary matters."

Mr. Beaty was counsel for Corine Moore. While this admission might not be sufficient to prove venue, nor to waive proof of venue, it can be taken in connection with the other evidence in the record, which, taken together, no other inference can be reasonably drawn than that the crime took place in Hamilton County, Ohio.

While, as was said in the case of State v. Dickerson, supra, we are not disposed to encourage the lax method of establishing the venue adopted in this case, nevertheless, we are of opinion that, in the light of this decision, the lax method of proof of venue in nowise prejudiced the defense.

We find no error in the record, prejudicial to the plaintiff in error, and the judgment of the Court of Common Pleas of Hamilton County, Ohio, is affirmed.

(Mills and Cushing, JJ., concur.)