### BECKMAN v STATE

Ohio Appeals, 5th Dist, Licking Co
Decided January 27, 1930

W. H. N. Stevens, Newark and Kenneth Kreider for Beckman.

C. G. L. Yearick and Ernest F. Johnson, both of Newark, for State.

MIDDLETON, J (4th Dist) sitting in place of HOUCK, J (5th Dist).

**MIDDLETON, J.**

In a general way it may be said that many of the things of which Beckman complains are without merit and do not require any extended notice.

The evidence in the record tends to show that Seary, the man jointly indicted with Beckman, some time prior to the charge in the instant case, jointly agreed with Beckman that they would engage in the theft and disposition of automobiles and their accessories, including tires; that prior to and subsequent to the offense charged in the instant case automobiles and tires and other accessories were stolen by Seary and delivered to Beckman for a consideration and disposition, and that such criminal acts continued until Seary was arrested and convicted of stealing an automobile some time about August, 1929. It further appears that in the trial of the case the court permitted testimony to go to the jury of these transactions, which were similar to that charged in the indictment and which occurred after that crime was alleged to have been committed. It is now urged that this testimony in respect to the subsequent transactions was improperly permitted to go to the jury by the trial court. It is argued by counsel for Beckman that subsequent acts of the kind testified to by Seary were not competent under favor of **Section 13444-19** of the new criminal code. A complete answer to this contention is that the competency of such evidence is not dependent upon the favor of the section in question. It has been a settled rule of law in this state for many years that evidence of subsequent crimes of the kind under investigation is competent for certain purposes, and particularly for showing guilty knowledge. It was held by the Supreme Court in the case of **Jackson v. State, 38 OS. 585,** that where there was evidence tending to show the commission of similar crimes after the crime charged, which were carried out under a common agreement between the parties to engage in a general way in such transactions, such evidence was competent to show a conspiracy to commit the crime charged and the crimes referred to in the evidence.

The effect of Seary's testimony was to show that the crime charged in the instant case was only a single transaction among many others of the same kind in which

both he and Beckman were engaged and which were being carried out under a general plan or scheme made prior to the commission of any crime. The evidence tending to show the commission of similar offenses prior to and after the one charged in the indictment was competent.

. It is further contended that the proof of venue in this case was not sufficient. We are not approving in a general way the manner in which venue was shown, but we think it was sufficiently established by the evidence. D. F. Rhodeback, the owner of the property and the garage, testified that he lived in Columbia Center, in Licking County, Ohio, and that he was engaged in operating a garage, and that his garage on the night of February 27 was entered sometime after eight o'clock P. M. and that the property hereinbefore described was taken therefrom. There is no direct statement that his garage was in this county or state, but there is his statement that he lived in Columbia Center and that Columbia Center is in this county and state, and that he was engaged in operating a garage. The effect of this evidence was that he was operating a garage in Columbia Center and in this county and state, and this is in harmony with the doctrine pronounced in the case of **State v. Dickerson, 77 OS. 34,** and **Moore v. State, 29 Ohio App. 268.**

'. There are some other contentions made that Rhodeback did not sufficiently identify his property and that the value of such property was not shown to be of sufficient amount to constitute grand larceny. This argument simply goes to the weight of the evidence, and the jury having determined such evidence in favor of the state and against Beckman we see no reason to interfere with its conclusion.

We find no error in the record justifying a reversal of the judgment and it is affirmed.

Lemert, PJ., and Sherrick, J., concur.